IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALENTINO AMARO, #993696031     *
          Plaintiff,
v.     *   CIVIL ACTION NO. PWG-14-934

WARDEN (BCDC), *et al.*     *
Defendants.
                                      *****

## MEMORANDUM

### I. PROCEDURAL HISTORY

On March 25, 2014, the court received this 42 U.S.C. § 1983 civil rights action from Baltimore City Detention Center ("BCDC") detainee Valentino Amaro (hereinafter referred to as "Amaro"). He alleged that on August 29, 2013, he was subject to a strip search, locked in his cell for several days, not permitted to telephone home, and was not given medical care for a broken wrist. ECF No. 1. Amaro further complained that "my affidavit was read by [correctional officer] staff members . . . [who] started telling inmates and at that point I was forced to fight for my life." *Id.* He claims that his life is in imminent danger at BCDC and in addition to seeking compensatory relief, Amaro asked to be removed from that facility and transferred to the Federal Detention Center.

On March 31, 2014, the Office of the Attorney General ("OAG") was required to file an immediate response to the complaint for injunctive relief. ECF No. 3. The OAG filed a motion to dismiss for failure to state a claim, accompanied by a motion to seal,[1] on April 21, 2014.[2] ECF Nos. 7 & 8.

---

[1]     The motion to seal, which seeks to seal certain confidential medical and psychiatric information presented in the motion to dismiss, shall be granted.

[2]     Prior to the OAG filing, Amaro filed several documents which seek to amend his original complaint. ECF Nos. 4-6. He claims that he was asked if he wished to be housed on protective custody and

According to filed materials, Amaro did not experience a broken wrist while in BCDC custody. ECF No. 7 at Baucom Aff. He was, however, provided "conservative" medical treatment for a hand injury sustained when he punched a wall. *Id.* In addition, it is acknowledged that in 2013, Amaro was placed in the mental health unit at BCDC for a brief period of time in light of his "auditory hallucinations [and] paranoid ideations." ECF No. 7 at Jamison Aff. However, insofar as Amaro later claimed that he was only "'pretend[ing] to be crazy'" to be removed from the general prison population and he "showed no symptoms of psychosis," it does not appear that Amaro is incompetent for the purposes of Fed. R. Civ. P. 17(c)(2). The OAG further reported that Amaro was offered and refused placement on BCDC protective custody. It is also observed that Amaro is no longer in BCDC custody. Once it was learned that Amaro was expressing concerns for his personal safety, he was transferred from BCDC into Division of Correction custody and is now housed on pre-trial detention at the Maryland Reception Diagnostic and Classification Center. ("MRDCC"). An investigation into his allegations could find no evidence that Amaro's "affidavit" was read by correctional officers and divulged to staff, that Amaro had to fight for his life, or that Amaro was involved in any fights while housed at BCDC. ECF No. 7 at Foxwell Aff.

Amaro has, in response to the OAG motions, filed a letter complaining that while he has been transferred to MRDCC, it is a Division of Correction facility housing "sentenced, convicted prisoners." ECF No. 22. He asserts that the transfer occurred without authorization from a judge and he is housed on solitary confinement that restricts his access to visits, recreation, telephone calls

---

that BCDC officials are not processing the paperwork relating to an agreement on his detainer. ECF No. 4. He further complained that he was fired from his prison job at BCDC, a contract was placed on his life, and he is having difficulty contacting his family. ECF No. 5. He next complains that he was threatened by a correctional officer and a government attorney tried to "intimidate" him into dismissing this complaint. ECF No. 6.

2

and mail. *Id.* Also received for filing on May 7, 2014, is his letter requesting that his complaint be amended to include additional evidence. ECF No. 23.

Amaro has filed a motion for expedited transfer to a federal facility, claiming he has been retaliated against by staff at BCDC and MRDCC. ECF No. 11. The OAG has filed a response in opposition. ECF No. 16. Moreover, Amaro has recently filed a flurry of papers involving a letter written to prison administrators regarding retaliation; amended and supplemental complaints raising issues concerning his safety at BCDC and the conditions of his confinement at MRDCC and challenging the legality of his state criminal prosecution and the sufficiency of the prison administrative grievance procedure system; and exhibits concerning his prison safety and hygiene; ECF No. 13–15, & 18–19. The OAG has filed a motion to dismiss Amaro's amended complaint. ECF No. 20.

## II. INJUNCTIVE RELIEF

Amaro's request for emergency relief (expedited transfer to a federal facility) shall be denied. To allege a constitutional failure-to-protect claim, Amaro must demonstrate the ways in which defendant knew of and disregarded an excessive risk to his health and safety. Defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, defendant must have knowledge both of the risk of harm and also that his conduct is inappropriate in light of that risk. *See Rich v. Bruce,* 129 F.3d 336, 339–40 (4th Cir. 1997). Moreover, Amaro must allege ways in which defendant's actions (or inactions) resulted in "serious or significant physical or emotional injury." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Under the law in this circuit, the party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer

3

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.7, 20–24 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 555 U.S.1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

According to materials presented to this court, Amaro is awaiting trial on Maryland criminal charges. He was offered BCDC protective custody and refused the assignment. Due, in part, to claims made in this case, he was moved from BCDC to MRDCC. There is no record that he has been in fights with other prisoners or that an "affidavit" was read by officers and divulged to other prisoners. Amaro has failed to show that he will succeed on the merits of his case and that he is subject to immediate and irreparable harm if emergency relief is not granted. There is no demonstration of deliberate indifference on the part of BCDC staff. Injunctive relief is not warranted. The motions to dismiss his injunctive relief request in his original and amended complaints shall be granted.

### III. COMPLAINT FOR COMPENSATORY RELIEF

Amaro seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. A prisoner is not allowed to bring a civil action under the provisions of § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *See* 28 U.S.C. §1915(g).

Upon review of the Public Access to Court Electronic Records ("PACER") of the federal courts, Amaro has had at least three prior federal cases in Pennsylvania and the United States Court of

Appeals for the Third Circuit dismissed under 28 U.S.C. § 1915(e).[3] The court, having determined that Amaro is not currently in danger of serious physical injury, concludes that he does not meet the imminent danger exception of 28 U.S.C. §1915(g). His motion for leave to proceed in forma pauperis shall be denied. He may not proceed without the full prepayment of the filing fee. Amaro shall, however, be granted an additional fourteen (14) days to forward to the Clerk the $400.00 filing fee. The plaintiff is cautioned that if he fails to comply with this directive his case shall be dismissed. A separate Order follows reflecting the rulings entered in this opinion follows.

May 12, 2014

_____
Paul W. Grimm
United States District Judge

---

[3] *See Amaro v. Vedder, et al*, Civil Action No. GP-08-3368 (E.D. Pa. 2008); *Amaro v. Ellis, et al*, Civil Action No. GP-08-4779 (E.D. Pa. 2008); *Amaro v. Vedder, et al*, Court of Appeals No. 08-4130 (3rd Cir. March 26, 2009). The analysis of these cases resulted in a finding that they were legally frivolous under § 1915(e)(2). In addition, a case Amaro filed in January of 2014, was dismissed under § 1915(g). *See Amaro v. Ambridge Police Dep't, et al.*, Civil Action No. KRG-14-114 (W.D. Pa. 2014).